Amanda L. Bruss, Esq. (#246249)
**Bruss Legal PLLC**
7550 E. 53rd PL #172464
(415) 271-5754
Amanda@brusslegal.com
*Attorney for Morisky Defendants*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MMAS RESEARCH LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>IQVIA Holdings Company, Daiichi Sankyo UK Limited, Lifespan Hospitals (Brown University Health), University of British Columbia, Western Ontario University, Morisky Medication Adherence Research LLC, R. Scott Weide, Chad W. Miller, Donald Morisky, Susan Morisky, Phillip Morisky, Mark Zimmerman, F. *Christopher Austin, DOES 1 through 10, inclusive*,<br><br>Defendants. | CASE NO. 2:25-cv-01057-RGK-DFM<br><br>**RESPONSE TO JUNE 16, 2025 ORDER [DE 88] BY DEFENDANTS MORISKY MEDICATION ADHERENCE RESEARCH LLC, DONALD MORISKY, PHIILIP MORISKY, SUSAN MORISKY, AND F. CHRISTOPHER AUSTIN** |

Defendants Morisky Medication Adherence Research LLC ("MMAR LLC"), Dr. Donald Morisky ("Dr. Morisky"), Susan Morisky, Philip Morisky and F. Christopher Austin (collectively, the "Morisky Defendants") respond to the Court's June 16, 2025 Order requiring the parties to address whether the filing of the First

1

Amended Complaint moots Defendants Christopher Austin, Donald Morisky, Phillip Morisky, Susan Morisky, and Morisky Medication Adherence Research LLCs: (1) Motion to Dismiss for Lack of Personal Jurisdiction [DE 83] and (2) Motion to Dismiss for Lack of Subject Matter Jurisdiction [DE 84] as follows.

While an amended complaint supersedes the original pleading, numerous courts have held that, "in circumstances in which an amended pleaded possesses the same defects as those in the original pleading, district courts have exercised their discretion to treat the motion to dismiss as addressed to the amended pleading."[1] Here, because Plaintiff's amended pleading fails to cure the jurisdictional defects identified in Defendants' prior motions, they may be considered by the Court. A chart identifying the changes made is attached hereto as Exhibit A for the Court's convenience.

**A. Plaintiff's additional facts are insufficient to establish subject matter jurisdiction.**

While the Amended Complaint adds several new defendants, none of whom are located in California, all the alleged claims amount to the same general allegation – that Defendants' exercise of control over the MMAS copyrights violated the CR2A. This is precisely the legal dispute at issue in the W.D. Washington Action. These claims are therefore barred by res judicata, as set forth in Defendants' May 30, 2025, motion. All claims arising out of Mr. Austin's 2022 letter and related communications

---

[1] *DeFrees v. Kirkland,* No. CV 11-4272 GAF (SPX), 2012 WL 12885114, at *13 (C.D. Cal. July 20, 2012), *aff'd in part, remanded in part,* 579 F. App'x 538 (9th Cir. 2014); *Zimmerman v. PeaceHealth*, 701 F. Supp. 3d 1099, 1108 (W.D. Wash. 2023); *Yates v. Applied Performance Techs., Inc.,* 205 F.R.D. 497, 499 (S.D. Ohio 2002), quoting 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1476 (2d ed.1990) ("Defendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading. To hold otherwise would be to exalt form over substance."); *Patton Elec. Co., Inc, v. Rampart Air, Inc.,* 777 F. Supp. 704, 713 (N.D.Ind.1991) (same).

are also barred by the *Noerr-Pennington* doctrine. Finally, nearly all the newly alleged 'facts' related to conduct alleged to have occurred prior to June 11, 2022, and would therefore also be barred by the applicable statute of limitations.[2]

**B. The additional facts fail to allege personal jurisdiction over Dr. Morisky, Susan Morisky, or F. Christopher Austin.**

The Amended Complaint has not alleged any new jurisdictional facts against Donald or Susan Morisky. And while Plaintiff adds an allegation that Mr. Austin practiced at Weide & Miller, a firm that "practiced law in Nevada and California," relying on an unverified third-party post (Dkt. 87 at 3-4), it is undisputed that Austin himself neither lives nor works in California. Even if Weide & Miller (which no longer exists) practiced in California (which is denied by Austin), jurisdiction of a partnership cannot be imputed onto the partners, as "minimum contacts" in California must be established for each individual partner.[3]

| | |
|---|---|
| Respectfully Submitted. | DATED: June 18, 2025 |
| | **Bruss Legal PLLC** |
| | s/ *Amanda L. Bruss* |
| | Amanda L. Bruss, Esq. (#246249) |
| | 7550 E. 53rd PL #172464 |
| | (415) 271-5754 |
| | Amanda@brusslegal.com |
| | *Attorney for Morisky Defendants* |

---

[2] The statute of limitations is three years for copyright claims (17 U.S.C. § 507(b)), Defend Trade Secrets Act (DTSA) claims (18 U.S.C. § 1836(d)) California Uniform Trade Secrets Act (CUTSA) claims (Cal. Civ. Code § 3426.6). The statute of limitations on for tortious interference with contractual relations and tortious interference with prospective economic advantage (business expectancy is two years (California Code of Civil Procedure § 339(1)). While the statute of limitations for breach of a written contract is four years under California law, Plaintiff's claim for breach of the CR2A was dismissed with prejudice in the District of Washington case. Dkt. 84-2 at 33.

[3] *Sher v. Johnson*, 911 F.2d 1357, 1365-66 (9th Cir. 1990).

3

## COMPLIANCE WITH LOCAL RULE 11-6

This memorandum contains 676 words, excluding the caption and signature block, and complies with the word count limits of Local Rule 11-6.

/s/ *Amanda L. Bruss*
Amanda L. Bruss

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that on June 18, 2025, I served a true and complete copy of the foregoing Response as follows:

☐ **U.S. Mail:** By depositing a true and correct copy of said document(s) via U.S. mail, with postage pre-paid and addressed as listed below.

☐ **Hand Delivery:** I caused said document(s) to be delivered to the address(es) list below;

☐ **Electronic Mail:** I caused said document(s) to be delivered by emailing an attached Adobe Acrobat PDF of the document to the email address(es) identified above.

☒ **Electronic Service:** I caused said document to be delivered by electronic means upon all eligible electronic recipients via the United States District Court CM/ECF system.

/s/ *Amanda L. Bruss*